**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

BUILDING TRADES UNITED PENSION
TRUST FUND and NACARCI FEASTER;

INDUSTRY ADVANCEMENT PROGRAM/
CONTRACT ADMINISTRATION FUND;

WISCONSIN MASONS PENSION FUND;
WISCONSIN MASONS HEALTH CARE FUND;
WISCONSIN MASONS APPRENTICESHIP
AND TRAINING FUND;
WISCONSIN MASONS VACATION FUND;
SUBSTANCE ABUSE TESTING
AND ASSISTANCE PROGRAM;
BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL
PENSION FUND;
INTERNATIONAL MASONS INSTITUTE
FUND; and JEFFREY LECKWEE;

BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN;

INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFTWORKERS;

INTERNATIONAL COUNCIL OF EMPLOYERS;

WISCONSIN LABORERS HEALTH FUND;
WISCONSIN LABORERS PENSION FUND;
BUILDING & PUBLIC WORKS LABORERS        Case No. 11-C-43
VACATION FUND; WISCONSIN LABORERS
APPRENTICESHIP AND TRAINING FUND;
and JOHN J. SCHMITT;

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION
TRUST FUND; and

WISCONSIN LABORERS DISTRICT

COUNCIL;

       **Plaintiffs,**

v.

UNION CONSTRUCTION CORPORATION;
and LYLE L. VOGT;

       **Defendants.**

# DECISION AND ORDER

On May 20, 2011, the Plaintiffs filed a notice of voluntary dismissal of this action against Defendant Lyle A. Vogt ("Vogt"), pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. However, under Rule 41(a)(1)(i), a plaintiff has a limited ability to dismiss an action by notice and without a court order. *See Parker v. Freightliner*, 940 F.2d 1019, 1022-23 (7th Cir. 1991). Dismissal upon a plaintiff's notice must be done before the opposing party has filed an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(i). The Defendants filed an answer on February 22, 2011. Thus, as of that date, the Plaintiffs could not dismiss Vogt by notice. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001) (holding treatment of motion to dismiss as a summary judgment

motion closed the window for dismissal under Rule 41(a)(1)(i)).[1] Vogt has not been dismissed from this action.

Furthermore, the Plaintiffs informed this Court by a letter dated May 20, 2011, that Vogt filed a joint Chapter 7 bankruptcy petition in the Eastern District of Wisconsin. *See In re: Vogt*, No. 11-26 743-jes (Bankr. E.D. Wis.). Review of the bankruptcy docket discloses that the petition was filed on April 29, 2011.[2] Furthermore, on May 19, 2011, the Plaintiffs filed a notice of appearance in the bankruptcy proceeding and a request for all pleadings in that proceeding.

Upon filing of a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 362(a) automatically imposes a stay of efforts outside the bankruptcy proceeding to collect debts. *See In re Radcliffe*, 563 F.3d 627, 629 (7th Cir. 2009). In essence, the automatic stay frame freezes any efforts already in progress against a debtor, such as the claims against Vogt in this action. There are exemptions from the stay. However, based on the allegations

---

[1] *Berthold Types Ltd.*, 242 F.3d at 775, also observes that Rule 41(a)(1)(i) does not mention dismissing one claim in a suit; it speaks of dismissing "an action"— which is to say, the whole case. *See also*, 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 2362 & n. 12 (collecting cases) (3d ed. 2008). The Court need not address that concern.

[2] A court may take judicial notice of matters of public record. *See Deicher v. City of Evansville, Wis.*, 545 F.3d 537, 541-42 (7th Cir. 2008) (holding that the complaint filing date was a public record of which judicial notice could be taken.)

in the Complaint, it does not appear that any are applicable.[3] Therefore, this matter is stayed as to Vogt.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Vogt remains a Defendant in this action.

Pursuant to 18 U.S.C. § 362(a), this action is **STAYED** as to Vogt until further order of the Court.

Dated at Milwaukee, Wisconsin this 26th day of May, 2011.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**

---

[3] The automatic stay, however, does not apply to "withholding of income from a debtor's wages and the collection of amounts withheld, under the debtor's agreement authorizing that withholding and collection for the benefit of a pension, profit-sharing, stock bonus, or other plan established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986, that is sponsored by the employer of the debtor, or an affiliate, successor, or predecessor of such employer. . . to the extent that the amounts withheld and collected are used solely for a loan from a plan under section 408(b)(1) of the Employee Retirement Income Security Act of 1974 or is subject to section 72(p) of the Internal Revenue Code of 1986." 11 U.S.C. § 362(b)(19)(A). The Plaintiffs' collection efforts do not relate to a loan, and therefore, the exemption does not apply.