UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION
TRUST FUND and NACARCI FEASTER,

INDUSTRY ADVANCEMENT PROGRAM/
CONTRACT ADMINISTRATION FUND,

WISCONSIN MASONS PENSION FUND,
WISCONSIN MASONS HEALTH CARE FUND,
WISCONSIN MASONS APPRENTICESHIP
AND TRAINING FUND,
WISCONSIN MASONS VACATION FUND,
SUBSTANCE ABUSE TESTING
AND ASSISTANCE PROGRAM,
BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL
PENSION FUND,
INTERNATIONAL MASONS INSTITUTE
FUND, and JEFFREY LECKWEE,

BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN,

INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFTWORKERS,

INTERNATIONAL COUNCIL OF EMPLOYERS,

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP AND TRAINING FUND,
and JOHN J. SCHMITT,

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION
TRUST FUND,

**WISCONSIN LABORERS DISTRICT COUNCIL,**

        **Plaintiffs,**

v.                                                       **Case No. 11-C-43**

**UNION CONSTRUCTION CORPORATION and LYLE L. VOGT,**

        **Defendants.**

## DECISION AND ORDER

On October 18, 2011, the Plaintiffs filed a "stipulation for dismissal" of this action against Defendant Lyle A. Vogt ("Vogt"). Although termed a stipulation for dismissal, the proposed dismissal of Vogt requires a court order because the stipulation is not signed by Defendant Union Construction Corporation ("Union Construction"), which appeared in this action on February 22, 2011. *See* Fed. R. Civ. P. 41(a)(1)(ii)(requiring a stipulation of dismissal "signed by all parties who have appeared").

In May 2011, the Plaintiffs attempted to dismiss Vogt from this action. However, that request was denied because Vogt had a pending joint Chapter 7 bankruptcy petition in the Eastern District of Wisconsin, *see In re: Vogt*, No. 11-26 743-jes (Bankr. E.D. Wis.).

Upon filing of a petition for relief under Chapter 7 of the Bankruptcy Code, section 362 of Title 11 of the United States Code automatically imposes a stay of efforts outside the bankruptcy proceeding to collect debts. *See In re Radcliffe*, 563 F.3d 627, 629 (7th

Cir. 2009). The automatic stay remains in effect until the bankruptcy court disposes of the case or grants relief from the stay. *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir. 2001) (citing *Matter of Williams*, 144 F.3d 544, 546 (7th Cir. 1998)). As relevant to Vogt, the stay continues until "the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2)(C); *see also*, *Matter of James Wilson Assocs.*, 965 F.2d 160, 167 (7th Cir. 1992). The public record in *In re Vogt*, discloses that Vogt was granted a discharge on August 18, 2011.[1] Based on the foregoing, the Court will lift the stay as to Vogt and grant the stipulation for the dismissal of the Plaintiffs' claims against Vogt.

The rest of this action, which is now solely against Union Construction, requires attention. The Court's April 19, 2011, Decision and Order, granted the motion of counsel for the Defendants to withdraw and, because Union Construction – a corporation – may only appear by counsel, set a June 16, 2011, deadline for it to retain counsel. That Decision and Order also informed Union Construction that it would be barred from further participation in the action and could be subject to adverse legal consequences, including the entry of judgment against it. Union Construction has not appeared by counsel or responded in any manner to that April 19, 2011, Decision and Order.

However, the Plaintiffs have not taken any action with respect to Union Construction since the expiration of the deadline for retaining counsel. As a result, the Court will set a deadline for the Plaintiffs to inform the Court in writing of their plans with respect

---

[1] As noted in this Court's May 26, 2011, Decision and Order, courts may take judicial notice of matters in the public record. *See Deicher v. City of Evansville, Wis.*, 545 F.3d 537, 541-42 (7th Cir. 2008).

3

to the Union Construction. Failure to comply with this Order by the stated deadline will result in the dismissal of this action. *See* Civil L.R. 41(b)(E.D. Wis.).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The stay of this action with respect to Vogt is **LIFTED**.

Vogt is **DISMISSED** from this action.

No later than **November 15, 2011**, the Plaintiffs **MUST** advise the Court in writing as to how they intend to proceed against Union Construction; and

Failure to comply with this Order will result in dismissal of this action.

Dated at Milwaukee, Wisconsin this 20th day of October, 2011.

                                                      **BY THE COURT**

                                                      _____
                                                      **Hon. Rudolph T. Randa**
                                                      **U.S. District Judge**